# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GRAHAM CHOATE,<br><br>Plaintiff,<br><br>v.<br><br>KINGS COUNTY SUPERIOR COURT, et al.,<br><br>Defendants. | Case No. 1:24-cv-00570-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff George Graham Choate ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Kings County Superior Court and Kings County Superior Court Judge "Fandy" Edwards on May 13, 2024. The complaint is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

1

from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Courts are to liberally construe documents filed *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt." (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010))). Nonetheless, while factual allegations are accepted as true, legal conclusions are not. Twombly, 550 U.S. at 555. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.
## SUMMARY OF COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff alleges that on June 17, 2022, he was sentenced in Kings County Superior Court to six years and eight months in prison. (ECF No. 1 at 3.) Plaintiff recently discovered that his first charge for violation of California Penal Code § 69 for resisting an officer carries a sentencing triad of sixteen months, two years, or three years. However, Plaintiff was sentenced to four years in prison for this charge. Plaintiff alleges he should have been given time served because of his county credits. As a result, Plaintiff alleges he has lost his job, has been in fights, has been

pepper-sprayed, and is missing his mom having serious medical issues. Plaintiff seeks monetary compensation for mental stress, loss of employment, and unrighteous punishment.

## III.

## DISCUSSION

Plaintiff alleges two causes of action: (1) "illegal sentence" and (2) "cruel and unusual punishment, unfair punishment" against Defendants Kings County Superior Court and Kings County Superior Court Judge Edwards. (ECF No. 1 at 3-4.)

### A.   Section 1983

Plaintiff's complaint alleges violations of his constitutional rights that arise under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). However, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Thus, to the extent Plaintiff is challenging the validity of his conviction or duration of his confinement, "[h]e must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

### B.   Heck Bar

The fact Plaintiff requests damages as opposed to seeking immediate or more speedy release does not cure his claim. When a Plaintiff seeks damages under section 1983 for an unconstitutional conviction or imprisonment, he must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily

demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81–82.

Plaintiff's cause of action requesting monetary compensation is based upon claims that the Superior Court and Judge Edwards imposed an "illegal sentence" in violation of the Eighth Amendment. Because establishing the basis for the damages claim necessarily demonstrates the invalidity of his sentence, Plaintiff may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his sentence has already been invalidated. Heck, 512 U.S. at 486-87. Plaintiff fails to provide any allegation that his conviction under California Penal Code 69 or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. If this Court were to grant Plaintiff monetary compensation for his alleged "illegal sentence," it would necessarily undermine his sentence. Thus, Plaintiff's claims based on an "illegal sentence" and "unfair punishment" are Heck-barred. Accordingly, the Court recommends dismissing Plaintiff's complaint for failure to state a claim under section 1983.

**C.   Improper Defendants**

Plaintiff names Kings County Superior Court and Kings County Superior Court Judge Edwards as Defendants in this action.

   1.   Kings County Superior Court

With respect to Plaintiff's claims against the Kings County Superior Court, the state court is an arm of the State of California. Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003). As an arm of the state, the superior court is entitled Eleventh Amendment immunity. Id.; see also Greater L.A. Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). As such, Plaintiff's claims against the Kings County Superior Court are barred.

   2.   Judicial Immunity

Judges are generally afforded absolute immunity from suit when functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004).

4

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Here, Plaintiff attempts to bring suit against Judge Edwards for actions that are wholly judicial in nature. Accordingly, Plaintiff's claims against Judge Edwards are barred.

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 ... to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez, 203 F.3d at 1127 (alterations and internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

Because Heck bars damages claims only until the conviction or sentence is set aside, the Court would normally recommend dismissing this action without prejudice. Here, however, Plaintiff's claims, as asserted against the Superior Court and a judge acting in his judicial capacity, are barred as a matter of law based on the Eleventh Amendment and judicial immunity. These defects cannot be cured through the assertion of additional facts; therefore, amendment would be futile. Leadsinger, Inc., 512 F.3d at 532. Accordingly, the Court recommends that leave to amend be denied.

///

///

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed with prejudice for failure to state a cognizable claim under section 1983 and for seeking monetary relief from defendants who are immune from such relief without leave to amend.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **May 23, 2024**

UNITED STATES MAGISTRATE JUDGE