**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GRAHAM CHOATE,<br><br>Plaintiff,<br><br>v.<br><br>KINGS COUNTY SUPERIOR COURT, et al.,<br><br>Defendants. | Case No. 1:24-cv-00570-KES-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>Docs. 1, 8, 10 |

Plaintiff George Graham Choate, a prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Kings County Superior Court and Kings County Superior Court Judge "Fandy" Edwards on May 13, 2024. Doc. 1. Plaintiff was sentenced to six years and eight months in prison on June 17, 2022. *Id.* at 3. He asserts that he was sentenced to four years for one of his charges but recently discovered that the charge may only carry a penalty of sixteen months, two years, or three years. *Id.* In his complaint, he "seek[s] monetary compensation for mental stress, loss of employment and unright[e]ous punishment" for the additional time spent in prison, but not immediate or speedier release. *Id.* at 6.

On May 23, 2024, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed for failure to state a cognizable claim under 42 U.S.C.

1

1  § 1983 and for seeking monetary relief from defendants who are immune from such relief.  Doc. 8.
2  Specifically, the findings and recommendations note that "a § 1983 action is a proper remedy for a
3  state prisoner who is making a constitutional challenge to the conditions of his prison life, but not
4  to the fact or length of his custody," and "to the extent [p]laintiff is challenging the validity of his
5  conviction or duration of his confinement, '[h]e must seek federal habeas corpus relief (or
6  appropriate state relief) instead.'"  *Id.* at 3 (citations omitted).  The findings and recommendations
7  further explain that "[t]he fact [p]laintiff requests [monetary] damages as opposed to seeking
8  immediate or more speedy release does not cure his claim," given that *Heck v. Humphrey*, 512 U.S.
9  477 (1994) requires plaintiff to show that his conviction has been reversed, expunged, invalidated,
10 or called into question by a habeas proceeding before he can seek monetary damages for
11 unconstitutional confinement under § 1983.  *Id.* at 3-4.  Moreover, the findings and
12 recommendations note that the defendants that plaintiff names – Kings County Superior Court and
13 Kings County Superior Court Judge Edwards – are immune from suit.  *Id.* at 4.  The findings and
14 recommendations find that Kings County Superior Court, as an arm of the state, is immune from
15 suit under the Eleventh Amendment, and Judge Edwards is immune from suit for all official
16 judicial acts, such as sentencing.  *Id.* at 4-5.  The magistrate judge recommends dismissing this
17 action without leave to amend given that the only defendants that plaintiff names are immune from
18 suit, which ultimately renders amendment of plaintiff's claims futile as against these two
19 defendants.

20      The findings and recommendations were served on plaintiff and contained notice that any
21 objections thereto were to be filed within fourteen (14) days after service.  *Id.* at 6.  On June 3,
22 2024, Plaintiff filed objections.  Doc. 10.

23      In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a *de
24 novo* review of this case.  Plaintiff's objections do not cure the deficiencies with the complaint that
25 the magistrate judge identified.  A plaintiff must assert a claim for release from custody under the
26 habeas corpus statutes, after appropriately exhausting state remedies.  *See Wilkinson v. Dotson*, 544
27 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action
28 to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or

appropriate state relief) instead." (cleaned up)); *see also Bradford v. New Mexico*, 2012 WL 4962941 (D.N.M. Sept. 29, 2012) (holding that prisoner must bring claim for release pursuant to habeas corpus statutes, and if successful, may bring § 1983 claim for damages). Further, plaintiff cannot seek § 1983 relief for damages unless he can plead that his conviction or sentence has been invalidated, and the only two named defendants in this action are immune from suit.

Having carefully reviewed the entire file, including plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. Plaintiff's complaint is dismissed without leave to amend for the reasons set forth in the findings and recommendations. This dismissal is without prejudice to plaintiff asserting a federal habeas claim after timely exhausting state remedies. Furthermore, if plaintiff subsequently successfully challenges his state sentence, this dismissal is without prejudice to plaintiff timely pursuing claims under § 1983, if any, for damages against any appropriate defendants.

Accordingly,

1. The findings and recommendations issued on May 23, 2024, Doc. 8, are ADOPTED as noted above;
2. This action is DISMISSED; and
3. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   October 31, 2024

UNITED STATES DISTRICT JUDGE